

**IT IS ORDERED as set forth below:**

**Date: August 14, 2017**

_____

**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| SAHARA MITCHELL PRUITT, | CASE NO. 16-60862-BEM |
|     Debtor. | |
| | CHAPTER 7 |
| GEORGIA DEPARTMENT OF LABOR, | |
|       Plaintiff, | |
| | ADVERSARY PROCEEDING NO. |
| v. | 16-5237-BEM |
| SAHARA MITCHELL PRUITT, | |
|       Defendant. | |

## O R D E R

      This matter comes before the Court on Georgia Department of Labor's ("Plaintiff") Motion for Summary Judgment [Doc. 13]. Plaintiff seeks a determination that its debt, owed by Sahara Mitchell Pruitt ("Defendant"), is nondischargeable under 11 U.S.C. § 523(a)(2)(A). This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(I).

## I. Summary Judgment Standard

Summary judgment is governed by Fed. R. Bankr. P. 7056 and Fed. R. Civ. P. 56, which provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing its entitlement to summary judgment. *Clark v. Coats & Clark, Inc*., 929 F.2d 604, 608 (11th Cir. 1991). The moving party must identify the pleadings, discovery materials, or affidavits that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552 (1986). Once this burden is met, the nonmoving party cannot merely rely on allegations or denials in its own pleadings. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986) (citations omitted). Rather, the nonmoving party must present specific facts supported by evidence that demonstrate there is a genuine material dispute. *Id.* In deciding a motion for summary judgment, the Court views the evidence and reasonable inferences in favor of the nonmoving party. *Gray v. Manklow (In re Optical Tech., Inc.)*, 246 F.3d 1332, 1334 (11th Cir. 2001). In a dischargeability action, the objecting creditor must prove its case by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S. Ct. 654, 661 (1991).

## II. Undisputed Facts

Plaintiff filed a Statement of Undisputed Material Facts ("SUMF.") [Doc. 13] as required by BLR N.D. Ga. 7056-1(a)(1), with citation to its requests to Defendant for admissions[1] and citation to an Accounting of Overpayments[2] attached to its complaint.

---

[1] Plaintiff contends Defendant did not respond to the requests for admission such that they are deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3), made applicable in adversary proceedings by Fed. R. Bankr. P. 7036.
[2] Plaintiff provided no information about who prepared the Accounting, how it was prepared, or for what purpose it was prepared.

Defendant filed no response to the Motion for Summary Judgment; she did not file a statement of material facts and did not controvert any material facts set forth by Plaintiff. Therefore, the facts in Plaintiff's SUMF are deemed admitted[3] pursuant to BLR N.D. Ga. 7056-1(a)(2).

On or about June 20, 2009 through February 9, 2013 (the "Employment Weeks"), Defendant received an overpayment of Georgia unemployment benefits. [SUMF ¶ 7]. From July 27, 2006 through and including May 9, 2012, Defendant was employed with Sodexo. [*Id.* ¶ 8]. For each of the Employment Weeks, Defendant represented to Plaintiff that she was not employed. [*Id.* ¶ 9]. From May 12, 2012 through and including February 9, 2013, Defendant continued to receive full unemployment benefits based upon her previous representation that she was not employed during the Employment Weeks. [*Id.* ¶ 10]. For each of the Employment Weeks, Defendant failed to disclose material facts to Plaintiff in that the Defendant failed to advise Plaintiff that she was employed at Sodexo. [*Id.* ¶ 11]. For each of the Employment Weeks, Defendant defrauded Plaintiff by failing to report her correct earnings in order to obtain unemployment benefits. [*Id.* ¶ 12]. During the Employment Weeks, Defendant received an overpayment of unemployment benefits in the principal amount of $41,507.00. [*Id.* ¶ 13]. Pursuant to O.C.G.A. § 34-8-255, Defendant is also liable to Plaintiff for statutory penalties and interest. [*Id.* ¶ 14]. Plaintiff is owed a total of $64,244.00, which includes the principal amount of $41,507.00, plus penalties of $4,147.00, and accrued interest of $18,590.00 pursuant to O.C.G.A. § 34-8-255. [*Id.* ¶ 15]. Since the overpayment, Plaintiff has received funds via income tax refund

---

[3] Although Defendant did not respond to the Motion for Summary Judgment or to discovery requests, she did file an answer to the complaint in which she denied engaging in fraud and attributed her actions to misinformation provided by employees of Defendant and letters she received. The answer states: the employee "explained that I wasn't working full time but part time and that I could then receive all of my benefits." [Doc. 5]. It further states: "I received several letters showing how much I grossed in each quarter from my job and the amount I could receive from unemployment." [*Id.*]. However, as noted *supra*, if Plaintiff meets its burden to show the absence of genuine issues of fact, Defendant cannot merely rely on her answer but  must present specific facts supported by evidence that demonstrate there is a genuine material dispute..

intercept, reducing Defendant's total amount owed by $750.00. [*Id.* ¶ 16]. Pursuant to O.C.G.A.

§ 34-8-255, Defendant is liable to Plaintiff for at least $63,494.00. [*Id.* ¶ 17].

## III.  Legal Analysis

Plaintiff is seeking summary judgment under § 523(a)(2)(A),[4] which provides as

follows:

> (a) A discharge under section 727 … of this title does not discharge an individual debtor from any debt—
> …
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

11 U.S.C. § 523(a)(2)(A). In its brief, Plaintiff argues Defendant engaged in false pretenses by

concealing her employment and earned wages with Sodexo.

False pretenses has been broadly defined to include

> "any intentional fraud or deceit practiced by whatever method in whatever manner. False pretenses may be implied from conduct or may consist of concealment or non-disclosure where there is a duty to speak, and may consist of any acts, work, symbol, or token calculated and intended to deceive…. It is a series of events, activities or communications which, when considered collectively, create a false and misleading set of circumstances, or a false and misleading understanding of a transaction, by which a creditor is wrongfully included by a debtor to transfer property or extend credit to the debtor…. Silence or concealment as to a material fact can constitute false pretenses."

*Taylor v. Wood (In re Wood)*, 245 Fed. Appx. 916, 918 (11th Cir. 2007) (quoting *In re Gilmore*,

221 B.R. 864, 872 (Bankr. N.D. Ala. 1998)). To succeed on a claim under § 523(A)(2)(A),

Plaintiff must establish the elements of common law fraud, which consist of: (1) a false

representation (or in this case the concealment of information) by the debtor made with intent to

---

[4] Plaintiff's complaint sought relief under § 523(a)(2), but Plaintiff's brief requests a determination of dischargeability under § 523(a)(2)(A). [Doc. 13 at 9].

deceive the creditor; (2) justifiable reliance on fraudulent conduct by the creditor; and (3) a loss sustained by the creditor as a result of the representation. *See Taylor v. Wood (In re Wood)*, 245 Fed. Appx. 916, 917-18 (11th Cir. 2007); *see also Husky Intern. Elec. v. Ritz*, ___ U.S. ___, 136 S. Ct. 1581, 1588 (2016) (actual fraud does not require a false representation). In addition, Plaintiff must show that the statement was not one respecting Defendant's financial condition.

The problem here is Plaintiff has not provided sufficient facts to determine whether the fraudulent conduct in question is a statement respecting Defendant's financial condition. Section 523(a)(2)(A) does not apply if the representations and omissions at issue amount to statements respecting Defendant's financial condition. *Appling v. Lamar, Archer & Cofrin, LLP (In re Appling)*, 848 F.3d 953, 957 (11th Cir. 2017), *appeal filed* No. 16-1215 (U.S. April 11, 2017). Such statements are governed by § 523(a)(2)(B) and must be in writing to be nondischargeable. *Id.* In *Appling*, the circuit court found that a statement by the debtor regarding an anticipated tax refund was a statement respecting the debtor's financial condition. *Id.* at 961. In doing so, the court stated that the "text and context establish that a statement about a single asset can be a 'statement respecting the debtor's … financial condition'" because "[a] statement about a single asset 'relates to' or 'impacts' a debtor's overall financial condition. And knowledge of one asset or liability is a partial step toward knowing whether the debtor is solvent or insolvent." *Id.* at 958. (quoting 11 U.S.C. § 523(a)(2)). By contrast, statements such as "false representations about job qualifications and lies about the purpose and recipient of a payment" may not respect a debtor's financial condition. *Id.* at 960.

Without more details about what information Defendant provided to Plaintiff regarding her employment and income and what information she omitted, the Court cannot determine whether the statements and omissions constitute a statement respecting Defendant's

financial condition. Therefore, Plaintiff has not shown it is entitled to judgment as a matter of law under § 523(a)(2)(A). Accordingly, it is

ORDERED that the Motion for Summary Judgment is DENIED.

**END OF ORDER**

## **<u>Distribution List</u>**

Alkesh B. Patel
Georgia Dept. of Law
40 Capitol Square, SW
Atlanta, GA 30334

Sahara Mitchell Pruitt
3191 Dale Lane
Atlanta, GA 30311

Karen King
King & King Law LLC
215 Pryor Street, S.W.
Atlanta, GA 30303